Travis BANKS, Appellant,

v.

UNITED STATES, Appellee.

No. 07–CF–127.

District of Columbia Court of Appeals.

Submitted March 27, 2008.
Decided July 31, 2008.

Donald L. Dworsky, appointed by the court, was on the brief for appellant.

Jeffrey A. Taylor, United States Attorney, Roy W. McLeese III, Mary B. McCord, Jeremy S. Barber and Elizabeth H. Danello, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN, and THOMPSON, Associate Judges and TERRY, Senior Judge.

THOMPSON, Associate Judge:

On January 18, 2007, after a bench trial, appellant Travis Banks was found guilty of conduct proscribed by 40 U.S.C. § 6134 (2002) ("It is unlawful to discharge a firearm, firework or explosive, set fire to a combustible, make a harangue or oration, or utter loud, threatening, or abusive language in the Supreme Court Building or grounds"). He seeks reversal of his conviction on the ground that shooting a flare gun, the conduct for which he was arrested and charged, does not fall within any of the categories of activities that the statute makes unlawful.[1] He also argues—for the first time on appeal—that section 6134 is unconstitutionally vague. We affirm.

### I.

The government presented the following evidence at trial. On September 14, 2006, Supreme Court Police Officer Gregory Conner saw appellant on the front plaza of the Supreme Court with a cart containing a box and other items. Officer Conner testified that appellant made "a loud utterance" and then removed his outer garment, revealing a shirt with "propaganda towards whatever his cause was on it." When Officer Conner approached appellant to tell him he was not allowed to demonstrate on the grounds of the Supreme Court, appellant lifted an object over his head and fired "some sort of projectile" that left a visible trail of smoke and made a noise "such as a flare gun or a firework would make." Another Supreme Court officer testified that he heard a loud bang that "sounded like some type of gun or loud firework." Appellant threw down the object and Officer Conner recovered it and determined that it was a flare gun. The flare gun was similar in shape to a

---

1. The information charged that "[o]n or about September 14, 2006, on the grounds of the United States Supreme Court building in the District of Columbia, Travis Banks unlawfully discharged a flare gun in violation of 40 United States Code, Section 6134. (Unlawful Discharge of Firearm, Firework, or Explosive at Supreme Court Building and Grounds, in violation of 40 U.S.Code, section 6134 (2002))."

pistol, and inside it were two rounds and a spent casing.

Captain Timothy Dolan of the Supreme Court Police, who is a firearms instructor, testified that when the trigger of a flare gun is pulled, a firing pin strikes the shell casing inside the gun. Inside the shell casing is a projectile, similar to a bullet, as well as gunpowder. The firing pin's strike causes a spark that ignites the gunpowder and forces the projectile, which contains a combustible material, out of the barrel of the gun. The projectile causes a flame when it is ejected.

Appellant presented no witnesses, but his counsel argued that a flare gun is neither a "firearm" nor a "firework" nor an "explosive." Applying the Webster's dictionary definition of "firework," the trial court denied appellant's motion for judgment of acquittal, finding that, "at a minimum, [the flare gun] was a firework." The court thereafter found appellant guilty of discharging "a firearm or firework" at the Supreme Court building and grounds, in violation of section 6134.

## II.

■ Whether a flare guns fits into any of the categories of items listed in section 6134 is a question of statutory interpretation, which we consider *de novo*. *See Veney v. United States,* 936 A.2d 811, 822 (D.C.2007). We agree with the trial court that shooting a flare gun on the grounds of the Supreme Court is covered by the statutory prohibition.

■ As the trial court noted, Webster's (Third New International) Dictionary defines the term "firework" as "a device for producing a striking display ... by the combustion of explosive or flammable compositions esp. for exhibiting, signaling, or illumination." In the absence of an applicable statutory definition of "firework," the trial court did not err in relying on this dictionary definition. *See 1618 Twenty-First St. Tenants' Ass'n v. Phillips Collection,* 829 A.2d 201, 203 (D.C.2003) (noting "the use of dictionary definitions is appropriate in interpreting undefined statutory terms."). In light of Captain Dolan's testimony about the "combustion caused when [a flare gun's] firing pin ignites a ... combustible powder in the base of the shell casing" and appellant's acknowledgment that a flare gun is a signaling device, we have no trouble concluding that a flare gun is covered by the foregoing dictionary definition and thus by the statutory term "firework."[2]

## III.

■ We turn next to appellant's claim that section 6134 is unconstitutionally vague and that he "had no way to know that his act was illegal." Constitutional claims not made in the trial court ordinarily are unreviewable on appeal, *see In re J.W.,* 837 A.2d 40, 47 (D.C.2003), but we

2. As appellant points out, Officer Dolan "saw only smoke come from the [flare] gun"; he did not see a flame or "striking display." However, this does not change our conclusion that the flare gun that appellant discharged fit within the statutory term "firework." Common experience teaches that some fireworks fail to produce the desired "striking display."

Because we find that discharging a flare gun on the grounds of the Supreme Court constitutes discharging a "firework" and thus falls within the prohibition of § 6134, we

need not discuss the issue that appellant's brief addresses at greatest length, *i.e.,* whether a flare gun constitutes a "firearm" within the meaning of the statute.

Appellant asserts that the government did not argue that a flare gun is a firework or an explosive, but the trial transcript shows that the government argued expansively that "this flare gun is a firearm, firework, or explosive.... And if it's not that, the defendant certainly set fire to a combustible within the meaning of the statute."

will review them, under the exacting plain-error standard, "in exceptional situations and when necessary to prevent a clear miscarriage of justice." *Williams v. Gerstenfeld,* 514 A.2d 1172, 1177 (D.C.1986); *see also J.W.,* 837 A.2d at 47.[3]

■ The trial court did not err, let alone plainly err, in enforcing section 6134. The statute is not unconstitutionally vague—and no miscarriage of justice is entailed in its enforcement here—because it "defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *Parker v. Levy,* 417 U.S. 733, 757, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Read in a way that is consistent with the dictionary definition of "firework," the prohibition set out in section 6134 easily includes within its ambit discharging a flare gun on the grounds of the Supreme Court. We are wholly unpersuaded that appellant "could not reasonably understand that his ... conduct [was] proscribed." *Parker,* 417 U.S. at 757, 94 S.Ct. 2547; *see also In re D.S.,* 747 A.2d 1182, 1188 (D.C.2000) (rejecting void-for-vagueness argument and reasoning that because Webster's Dictionary defines the term "barrel," a person of ordinary intelligence could reasonably understand what "barrel" denoted in statutory provision prohibiting possession of a shotgun with a barrel of less than twenty inches).

Accordingly, the judgment of conviction is

*Affirmed.*

---

**3.** "To invoke this plain error exception, the appellant must show that the alleged error is obvious and so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the proceeding." *J.W.,* 837 A.2d at 47 (citation and internal quotation marks omitted).